**Gerald Christian FARLEY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–96–420–CR.**

Court of Appeals of Texas,
Fort Worth.

June 11, 1998.

Rehearing Overruled July 16, 1998.

Leon Haley, Jr., Richard Alley, Fort Worth, for Appellant.

Bruce Isaacks, Criminal District Attorney, Dawn A. Moore, Roger Jones, Jamie Beck, Assistant Criminal District Attorneys, Denton, Matthew Paul, State Prosecuting Attorney, Austin, for Appellee.

Before H. TOD WEAVER, J. (Retired) (Sitting by Assignment), RICHARDS and BRIGHAM, JJ.

## OPINION

PER CURIAM.

Gerald Christian Farley appeals from his conviction and seventy-five year sentence for burglary of a habitation. On appeal, he contends that the trial court erred and abused its discretion both in refusing his requested jury instruction and charge on the lesser included offense of sexual assault and in overruling his objection to the charge on that basis.[1] Because we determine that appellant was not entitled to a charge on sexual as-sault, we overrule his points and affirm the trial court's judgment.

Appellant does not challenge the sufficiency of the evidence to support his conviction. Therefore, we will set out only the facts necessary to our disposition of his points.

Evidence at trial established that appellant entered the apartment of the victim, whom he did not know, while the victim was asleep. It appeared that appellant entered the apartment through the second-floor patio's sliding glass door.[2] Appellant then forced the victim to have intercourse with him and to perform other sexual acts against her will. He left only after the victim assured him that she would not tell any one about the attack.

At trial, appellant testified that, on the night of the offense, he had been out drinking with his friends. He stated that he remembered the night's events up until he left the bar, but could not recall driving to the victim's apartment or climbing onto the second floor balcony. He also testified that he did not recall assaulting the victim, or what his intentions were when he entered her apartment. He stated that he did not even recall getting in bed with the victim.

Appellant's voluntary statements, which differed in numerous respects from his in-court testimony, were also admitted in evidence. In those statements, appellant stated that he recalled climbing up to the victim's patio, entering her apartment, and sexually assaulting her. He said that he did not know what he intended to do inside the apartment, but that he knew he "wasn't going to steal anything." At trial, appellant disputed much of the contents in his confession. He testified that the officer who took his statement inserted many facts into the statement that appellant had not said. He testified that the officer was coaching him and "putting it into his head." He stated that he had told the

---

1. Although appellant raises four points on appeal, because they all address the court's failure to instruct and charge the jury on the lesser included offense of sexual assault, we will consider the points together.

2. The investigating officer testified that the area around the patio showed signs of having been used to gain access to the apartment. The victim and her roommate testified that the patio door lock was broken. The victim's roommate testified that she had locked the front door, which was the only other door, before she went to bed that night.

officer at the time that he did not remember if he had committed the offense.

Appellant contends, however, that the trial court erred in refusing his request for a jury charge on sexual assault as a lesser included offense of burglary.[3] He argues that the statement in his written confession that he did not intend to steal anything in the victim's apartment and that he did not know what his intentions were once he got inside entitled him to such a charge.

■ To determine whether a charge on a lesser-included offense is required, we apply the two-prong, *Rousseau–Aguilar–Royster* test:

> [F]irst, the lesser-included offense must be included within the proof necessary to establish the offense charged, and, second, some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense.

*Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim.App.) (emphasis omitted), *cert. denied*, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993); *see also Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Crim.App.1985); *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App. [Panel Op.] 1981) (plurality op. on reh'g).

■ Looking at the first prong of the test, the Texas Code of Criminal Procedure defines a lesser-included offense both in terms of the offense charged and the facts of the case. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 1981). Therefore, our analysis of whether an offense is a lesser-included offense of the charged offense must be made on a case-by-case basis. *See Bartholomew v. State*, 871 S.W.2d 210, 212 (Tex. Crim.App.1994); *Day v. State*, 532 S.W.2d 302, 315–16 (Tex.Crim.App.1976) (op. on reh'g). It does not matter if the charged offense can be established on a theory that does not contain the lesser offense; the issue is whether proof of the charged offense, in *this* case, actually included proof of the lesser-included offense as defined in article 37.09.

*See Schweinle v. State*, 915 S.W.2d 17, 18 (Tex.Crim.App.1996); *Broussard v. State*, 642 S.W.2d 171, 173 (Tex.Crim.App.1982).

■ Under the second prong of the test, a defendant is entitled to a charge on the lesser-included offense, upon his request for the charge or objection to its omission, if there is some evidence that would permit a jury rationally to find the defendant, if guilty, is guilty only of the lesser offense. *See Rousseau*, 855 S.W.2d at 673; *see also* TEX. CODE CRIM. PROC. ANN. art. 37.08 (Vernon 1981). If there is evidence from any source that negates or refutes the element establishing the greater offense, or if the evidence is so weak that it is subject to more than one reasonable inference regarding the aggravating element, the jury should be charged on the lesser-included offense. *See Schweinle*, 915 S.W.2d at 19; *Saunders v. State*, 840 S.W.2d 390, 391–92 (Tex.Crim.App. 1992). Regardless of the strength or weakness of the evidence or whether it is contradicted, if there is any evidence that would permit a rational jury to find that, if appellant is guilty, he is guilty only of the lesser-included offense, the court should charge the jury on the lesser offense. See *Saunders*, 840 S.W.2d at 391. This second prong "preserves the integrity of the jury as the fact finder by ensuring that the jury is instructed as to a lesser-included offense only when that offense constitutes a valid, rational alternative to the charged offense." *Arevalo v. State*, 943 S.W.2d 887, 889 (Tex.Crim.App. 1997).

■ While we agree with appellant that sexual assault is, in this case, a lesser included offense of burglary of a habitation, we cannot agree that the evidence would have permitted a rational jury to find that, if appellant was guilty, he was guilty only of sexual assault. Neither appellant's written statement, nor his in-court testimony negates his intent to commit the offense of sexual assault at the time that he entered the victim's apartment, or his entry into that apartment without her effective consent. Accord-

---

3. Appellant was charged with burglary of a habitation as follows:

[D]id then and there intentionally and knowingly, without the effective consent of [the vic-

tim], the owner thereof, enter a habitation with intent to commit the felony of sexual assault of [the victim] and did attempt to commit and committed the sexual assault of [the victim].

ingly, we determine that the trial court did not abuse its discretion in refusing appellant's requested charge. We overrule appellant's points and affirm the trial court's judgment.