Diane Michelle ZAMORA, Appellant,

v.

The STATE of Texas, State.

No. 2–98–098–CR.

Court of Appeals of Texas,
Fort Worth.

July 1, 1999.

---

Robert Ford, Fort Worth, for Appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Assistant Dist. Atty. and Chief of the Appellate Section, Sylvia Mandel, Michael Parrish, and Michele Hartman, Assistant Dist. Attys., Fort Worth, for Appellee.

Panel A: CAYCE, C.J.; LIVINGSTON and BRIGHAM, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

A jury found Diane Michelle Zamora guilty of the capital murder of Adrianne Jones, and the court assessed punishment at life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. In one point, Zamora contends that her conviction should be set aside and a new trial ordered because the trial court failed to charge the jury on the lesser included offense of murder. We will affirm.

Because Zamora does not challenge the sufficiency of the evidence sustaining her conviction, we will discuss only the facts necessary to resolve the point raised.

Diane Michelle Zamora is a 1996 graduate of Crowley High School who briefly attended the United States Naval Academy in Annapolis, Maryland, on a scholar-

ship. While still in high school, Zamora began dating David Graham, a Mansfield High School senior destined for the Air Force Academy in Colorado Springs, Colorado. Zamora and Graham quickly developed a serious relationship and became engaged.

On November 4, 1995, Graham allegedly had a sexual encounter with Adrianne Jones, a sophomore at Mansfield High School. He later confessed the encounter to Zamora. Zamora wanted to confront Jones about the affair, so Graham agreed to set up a meeting. Pretending to be interested in a romantic rendezvous, Graham called Jones on the evening of December 3 and asked her to sneak out and meet him around 12:30 a.m. With Zamora hiding in the trunk of the car, Graham drove to Jones's house, picked her up at the designated time, and then drove out to a secluded location on Seton Road in Mansfield, Texas. When the car came to a stop, Zamora emerged from the trunk and climbed into the back seat. A scuffle soon ensued in the car between Jones, Graham, and Zamora. Jones somehow escaped from the vehicle and attempted to flee on foot, but Zamora and Graham followed her with the car. It is undisputed that, shortly thereafter, Graham shot and killed Jones in the early morning hours of December 4, 1995, leaving her body in a field off Seton Road. The circumstances surrounding the killing, however, are hotly contested.

According to the State's evidence, Zamora had demanded Jones's death as atonement for Graham's infidelity. Kristina Mason, Zamora's high school friend, Jay Guild, and Jennifer McKearney, fellow officers from the Naval Academy, each testified that Zamora had confided in them that she and Graham had plotted Jones's death.

Originally, Zamora and Graham had planned to break Jones's neck and weight her body down in Joe Pool Lake. Zamora's custodial statement further confirms her participation in planning both the kidnaping and murder.

When Zamora took the stand, however, she presented a very different version of events. She testified that she merely wanted to talk to Jones about the affair and that she neither intended nor planned to kidnap, murder, or harm Jones in any way. Although she did admit to hiding in the trunk because she believed that Jones would not otherwise have gotten into the car, Zamora repeatedly stated that she never told Graham to harm Jones and was completely unaware that he would kill her.

At the close of evidence, the trial court denied Zamora's requested charge on the lesser offense of murder. The court's jury charge included instructions on capital murder, kidnaping, assault, and false imprisonment. The State opposed the inclusion of the assault and false imprisonment charges, but did not object to the charge on kidnaping.

In her sole point, Zamora argues that the trial court erred by failing to include the lesser offense of murder in its charge to the jury. Specifically, she contends that she was entitled to the charge because the evidence presented at trial negated the aggravating offense of kidnaping. The State argues that the exclusion of the charge on murder was not error because, on this record, a rational trier of fact could not find Zamora guilty only of murder.

■ In reviewing a complaint that the trial court erred by failing to charge the jury on a lesser included offense,[1] our inquiry is two-fold:

---

1. Under the code of criminal procedure, an offense is a "lesser included" offense if:
(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, proper-

ty, or public interest suffices to establish its commission;
(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

[F]irst, the lesser included offense must be included within the proof necessary to establish the offense charged, and, second, some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex.Crim.App.) (emphasis omitted), *cert. denied*, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993); *see also Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Crim.App. 1985); *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App.1981) (plurality op. on reh'g).

■ We approach the first question of whether the lesser offense is a necessary part of proving the offense charged on a case-by-case basis. *See Farley v. State*, 970 S.W.2d 755, 757 (Tex.App.—Fort Worth 1998, no pet.). It does not matter if the charged offense can be established on a theory that does not contain the lesser offense; the issue is whether proof of the charged offense, *in this case*, actually included proof of the lesser included offense as defined in article 37.09. *See id.*

■ The penal code defines capital murder as murder plus one of the aggravating factors focusing on identity of the victim and the dangerousness of the actor's conduct. *See* TEX. PENAL CODE ANN. § 19.03 (Vernon 1994). Therefore, murder is a lesser included offense of capital murder. *See Moore v. State*, 969 S.W.2d 4, 12 (Tex. Crim.App.1998).

■ For the second part of our inquiry, we examine the entire record for evidence upon which a jury could rationally conclude that if an appellant is guilty, he is guilty only of the lesser offense. *See Jones v. State*, 984 S.W.2d 254, 258 (Tex. Crim.App.1998). It is not enough, however, that such evidence "would support a conviction for the lesser included offense, as if that were the only offense the jury

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

was authorized to convict upon." *Moreno v. State*, 858 S.W.2d 453, 459 (Tex.Crim. App.), *cert. denied*, 510 U.S. 966, 114 S.Ct. 445, 126 L.Ed.2d 378 (1993). The record must also reflect a rational basis for the jury to reject conviction of the greater, capital offense. *See id.*

■ If the evidence affirmatively refutes or negates an element establishing the greater offense, the lesser offense *may* be raised. *See Jones*, 984 S.W.2d at 257; *Schweinle v. State*, 915 S.W.2d 17, 19 (Tex. Crim.App.1996). Nevertheless, an instruction on the lesser offense is not required unless the *Rousseau* and *Moreno* standards are met. Because they are not met in this case, Zamora was not entitled to the instruction.

■ To be entitled to a charge on the lesser offense of murder, it had to be possible for the jury in this case to rationally reject the greater, capital offense by finding that Zamora committed only the murder, but not the aggravating offense of kidnaping. *See Moreno*, 858 S.W.2d at 459. In this case, that would mean the jury would have to dissect Zamora's blanket assertion of innocence to believe her denial to the kidnaping, yet disbelieve her denial to the murder. Additionally, the jury would have to disregard significant portions of Zamora's custodial statement and her confessions to Mason, Guild, and McKearney wherein she admits to both the kidnaping and murder. While the jury was free to believe or disbelieve all or part of Zamora's story, *see Bignall v. State*, 887 S.W.2d 21, 24 (Tex.Crim.App. 1994), it would be irrational in this case for the jury to simultaneously believe that Zamora participated in the murder but not the kidnaping because Jones's kidnaping was a prelude to her murder. We therefore conclude that the record does not reflect a rational basis for the jury to have rejected the aggravating offense of kid-

TEX.CODE CRIM. PROC. ANN. art. 37.09 (Vernon 1981).

naping and find Zamora guilty solely of murdering Jones.

Having reviewed the entire record, we find no evidence on which a jury could rationally conclude that Zamora is guilty, if at all, solely of Jones's murder. Accordingly, we hold she was not entitled to a charge on the lesser offense of murder, and the trial court did not err by denying the requested charge.

We overrule Zamora's sole point and affirm the judgment of the trial court.