

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00174-CR

———————————————

JAMES WAYNE SHIFFLETT, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 90th District Court
Young County, Texas
Trial Court No. 10896

Before Sudderth, C.J.; Gabriel and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant James Wayne Shifflett appeals his conviction for aggravated assault against a public servant. In one issue, he argues that the trial court erred by denying his request for the inclusion of an instruction in the jury charge concerning a lesser-included offense. We affirm.

### Background

One day in January 2017, Shifflett was "causing problems" at a house in Graham, and the homeowner, who had allowed Shifflett to stay there overnight, wanted him to leave. Sergeant Tommie Shawver and Officer Blake Davis, both employed with the Graham Police Department, went to the house and asked Shifflett to leave. He did.

Less than an hour later, a dispatcher received a report about a man standing in front of another house and swinging an axe. Sergeant Shawver, Officer Davis, and Young County Deputy Sheriff Paul Hemphill went to the house, where Shifflett's ex-wife lived.

Officer Davis, who arrived first, commanded Shifflett to drop the axe. Shifflett told Officer Davis that if he "came on to [the] property[,] [Officer Davis] better be prepared to shoot." Shifflett took a couple of steps toward Officer Davis and slammed the axe into the ground. Officer Davis "felt extremely threatened." He considered shooting Shifflett but chose not to because there was some distance between them and because he wanted "everybody to leave that scene . . . with their

2

lives." He asked the other officers who were on their way to the house to step up their pace. Shifflett claimed that he was using the axe to defend his property.

Sergeant Shawver and Deputy Hemphill arrived soon thereafter. Deputy Hemphill saw that Officer Davis had drawn his gun, and Deputy Hemphill likewise pulled out his gun. Because Officer Davis had drawn his weapon and was providing cover, Sergeant Shawver did not draw his.

When Sergeant Shawver approached the house, he took the lead in communicating with Shifflett. He asked Shifflett to drop the axe; Shifflett refused, became agitated, and cursed at the officers. After slamming the axe into the ground, Shifflett said to Sergeant Shawver, "Come get it. You want to fucking try? . . . You say in God you trust? You trust me? Do you?"

After slamming the axe into the ground several more times while making similar statements[1] and while repeatedly refusing the officers' request to drop the axe, Shifflett swung it like a baseball bat and hit a yard ornament. Officer Davis feared that Shifflett was going to throw the axe at him or at Deputy Hemphill. Deputy Hemphill believed that the manner in which Shifflett was swinging the axe was "[v]ery threatening." Believing that Shifflett could throw the axe at any moment,[2] Deputy Hemphill took cover behind a tree. He believed that he might need to shoot Shifflett

---

[1]At one point, Shifflett appeared to refer to himself as a "goddamn warrior."

[2]Deputy Hemphill testified that Shifflett was a large man and was capable of throwing the axe twenty feet or more.

3

because Shifflett was threatening deadly force by swinging the axe. Sergeant Shawver likewise became concerned about the officers' safety, and he felt that his life was threatened. He believed that the axe was capable of causing death.

From a position where Shifflett could not see, Sergeant Shawver showed Officer Davis his taser, indicating that he planned to use it and that he wanted the other two officers to provide cover. Shifflett began twirling the axe, lost control of it, and dropped it. Sergeant Shawver moved toward Shifflett, and Shifflett picked up the axe and a rake. With Sergeant Shawver closer to the axe, Shifflett again refused to drop it. When Shifflett saw that Sergeant Shawver had moved closer, he tauntingly said, "Uh, uh, uh, uh." Sergeant Shawver again told Shifflett to drop the axe. Officer Davis believed that Shifflett could kill Sergeant Shawver.

Upon moving to within eight to ten feet of Shifflett, Sergeant Shawver attempted to deploy the taser, but the taser did not initially fire. At that moment, Officer Davis prepared to shoot Shifflett with a firearm. Regarding whether he believed at that moment that Shifflett would seriously injure or kill him, Sergeant Shawver later testified,

> Yes, ma'am. . . . As I get to a certain distance, he turns around and sees me, and then he's picked up an axe in the right hand and he picks up a garden rake now. He sees me coming and slams it down on the ground . . . . [S]o you are thinking if he does this, I'm going to do this. . . . And he kind of stood his ground; I kind of stood my ground.

Sergeant Shawver again pointed the taser at Shifflett. Shifflett said, "Fucking do it. Do it. Do it. In Jesus' name. In Jesus' name."

4

Sergeant Shawver successfully fired the taser. Shifflett dropped the axe, ran a few feet from the officers, dropped to the ground, and submitted to the officers' commands. Paramedics arrived at the scene and removed the taser's probes from Shifflett. The officers discussed Shifflett's possible charges arising from the incident, including resisting arrest, disorderly conduct, and deadly conduct.[3]

A grand jury indicted Shifflett with aggravated assault against a public servant, a first-degree felony.[4] The indictment alleged that he had threatened Sergeant Shawver with imminent bodily injury by swinging the axe—a deadly weapon—in a threatening manner.

Before a jury, Shifflett pleaded not guilty. After the parties presented evidence and rested, Shifflett asked the trial court to include in the jury charge an instruction on interference with a public duty—a Class B misdemeanor[5]—as a lesser-included offense. The State objected, arguing that interference with a public duty was not a lesser-included offense of aggravated assault because the allegations in Shifflett's indictment "had nothing to do with interfering with the performance of the officer's duty." The trial court denied Shifflett's request.

---

[3]The officers did not discuss a possible aggravated assault charge. Regarding the officers' conversation about potential charges, Deputy Hemphill testified, "We're not really clear about what charges we're going to file. . . . We're just spit balling, so to speak, just throwing charges that we can think of off the top of our heads right away."

[4]*See* Tex. Penal Code Ann. §§ 22.01(a)(2), 22.02(a)(2), (b)(2)(B).

[5]*See id.* § 38.15(a)(1), (b).

5

After considering the parties' closing arguments, the jury found Shifflett guilty of aggravated assault against a public servant. The jury heard evidence and arguments concerning his punishment and assessed six years and six months' confinement. The trial court sentenced him accordingly, and he brought this appeal.

## Alleged Jury Charge Error

On appeal, Shifflett argues only that the trial court erred by denying his request for an instruction on a lesser-included offense. We use a two-step analysis to determine whether Shifflett was entitled to an instruction on a lesser-included offense. *Bleil v. State*, 496 S.W.3d 194, 214 (Tex. App.—Fort Worth 2016, pet. ref'd) (citing *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007)). First, the lesser offense must qualify as a lesser-included offense under article 37.09 of the code of criminal procedure. *Id.*; *see* Tex. Code Crim. Proc. Ann. art. 37.09. Second, the record must contain some evidence that would permit a jury to rationally find that if Shifflett is guilty, he is guilty only of the lesser offense.[6] *Bleil*, 496 S.W.3d at 214.

Under the second step, we evaluate the evidence in the context of the entire record. *Id.* There must be some evidence from which a rational jury could have acquitted Shifflett of the greater offense while convicting him of the lesser-included

---

[6]If we conclude, as we hold below, that under the second step, the evidence did not support submission of a lesser-included offense, we need not address the first step. *See* Tex. R. App. P. 47.1; *Flores v. State*, No. 13-14-00338-CR, 2015 WL 9487029, at *3 & n.2 (Tex. App.—Corpus Christi Dec. 29, 2015, pet. ref'd) (mem. op., not designated for publication).

offense. *Id.* Anything more than a scintilla of evidence is sufficient to entitle him to a lesser charge. *Id.* We may not consider whether the evidence is credible, controverted, or in conflict with other evidence. *Id.* The evidence must show that the lesser-included offense is a rational alternative to the charged offense. *Hall*, 225 S.W.3d at 536. It is not enough that such evidence "would support a conviction for the [lesser-included] offense, as if that were the only offense the jury was authorized to convict upon." *Moreno v. State*, 858 S.W.2d 453, 459 (Tex. Crim. App. 1993). Rather, the record must also show a rational basis for the jury to reject the greater offense. *Zamora v. State*, 998 S.W.2d 290, 293 (Tex. App.—Fort Worth 1999, pet. ref'd).

As charged in Shifflett's indictment, a person commits aggravated assault against a public servant if the person intentionally or knowingly threatens the public servant with imminent bodily injury, uses or exhibits a deadly weapon (the axe) during the commission of the assault, and commits the assault against the public servant while the public servant is lawfully discharging an official duty (responding to a 9-1-1 dispatch). Tex. Penal Code Ann. §§ 22.01(a)(2), 22.02(a)(2), (b)(2)(B). A person commits interference with public duties by, as is applicable here, acting with criminal negligence to interrupt, disrupt, impede, or otherwise interfere with a peace officer who is exercising authority granted by law. Tex. Penal Code Ann. § 38.15(a)(1).

As explained above, Shifflett cannot show his entitlement to a lesser-included instruction merely by directing us to evidence showing that the jury could have convicted him of interference with public duties. *See Moreno*, 858 S.W.2d at 459.

7

Rather, the record must contain evidence showing that the jury could have rationally acquitted him of aggravated assault. *Bleil*, 496 S.W.3d at 214. Thus, to show that he was entitled to a lesser-included-offense instruction, Shifflett must direct us to evidence showing that the jury could have rationally found either that (1) he did not intentionally or knowingly threaten Sergeant Shawver with imminent bodily injury, or (2) he did not use or exhibit a deadly weapon during the commission of the assault.[7]

The record contains no such evidence. The evidence—drawn from testimony of the three responding officers and from recordings made by their body cameras—shows that before Sergeant Shawver arrived on the scene, Shifflett told Officer Davis that if Officer Davis stepped on the property, he "better be prepared to shoot." *Cf. Randle v. State*, No. 10-11-00117-CR, 2013 WL 1188647, at *9 (Tex. App.—Waco Mar. 21, 2013, pet. ref'd) (mem. op., not designated for publication) (holding that a defendant's statements that showed his knowledge that a deputy might need to use force against him in an altercation also established his understanding that his conduct was threatening to the deputy and that the offense of deadly conduct was therefore not a rational alternative to the charged offense of aggravated assault). When Sergeant Shawver arrived, in response to Sergeant Shawver's command to drop the axe, Shifflett refused to do so and slammed it into the ground. He then yelled, "Come get

[7]On appeal, Shifflett appears to focus on the first element; he does not contest that the axe qualified as a deadly weapon or that he used or exhibited the axe. Also, it is undisputed that Sergeant Shawver was lawfully discharging an official duty during the incident with Shifflett.

it. You want to fucking try? . . . You say in God you trust? You trust me? Do you?" Shifflett responded to continued requests to drop the axe by holding it in a swinging position, slamming it into the ground on several occasions, and referring to himself as a "goddamn warrior." After Shifflett lost control of the axe and inadvertently dropped it, Sergeant Shawver moved closer to him. Shifflett noticed he had done so and responded by taunting, "Uh, uh, uh, uh," holding the axe in the air, and banging it on the ground. Sergeant Shawver then fired the taser, and the confrontation ended. We conclude that this evidence does not permit any rational alternative to what the jury found—Shifflett committed aggravated assault by intentionally or knowingly threatening imminent bodily injury and while using or exhibiting a deadly weapon. Tex. Penal Code Ann. §§ 22.01(a)(2), 22.02(a)(2); *see Hall*, 225 S.W.3d at 536; *see also Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012) (explaining that to justify an instruction on a lesser-included offense, the record must contain affirmative evidence that rebuts or negates the greater offense); *Amaro v. State*, 287 S.W.3d 825, 830 (Tex. App.—Waco 2009, pet. ref'd) ("Rios's testimony that Amaro pointed the rifle directly at him or in his general direction supports aggravated assault."); *St. Clair v. State*, 26 S.W.3d 89, 97 (Tex. App.—Waco 2000, pet. ref'd) (explaining that a threat may be communicated by conduct and by words and holding that a defendant's accelerating a car in an officer's direction supported an aggravated assault conviction).

Shifflett appears to contend that interference with public duties was a rational alternative to aggravated assault either because he did not subjectively intend to

9

threaten the officers or because the officers' actions belied their testimony that they felt threatened by his words and acts. But even assuming that Shifflett did not intend a threat or that Sergeant Shawver was not subjectively threatened—he testified he was—aggravated assault by threat is a conduct-oriented crime, so the State was required to prove only that Shifflett intentionally or knowingly engaged in conduct that was objectively threatening under the circumstances. *See Hernandez v. State*, 470 S.W.3d 862, 868 (Tex. App.—Fort Worth 2015, pet. ref'd). We conclude that the evidence described above satisfied the State's burden to show that Shifflett intentionally or knowingly engaged in conduct that was objectively threatening, and the evidence did not present any rational alternative to the jury's finding that he did so. *Cf. Carvajal v. State*, 529 S.W.2d 517, 521 (Tex. Crim. App. 1975) (affirming a conviction for aggravated assault by threat when the defendant pulled a loaded gun on police officers but the gun was not cocked and could not be fired).

We conclude that the record does not contain evidence that would permit a jury to rationally find that if Shifflett was guilty, he was guilty only of interference with public duties rather than of aggravated assault against a public servant. *See Bleil*, 496 S.W.3d at 214. Thus, we hold that the trial court did not err by overruling his request for an instruction on interference with public duties as a lesser-included offense. *See id.* We overrule his sole issue.

## Conclusion

Having overruled Shifflett's only issue, we affirm the trial court's judgment.

/s/ Wade Birdwell
Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 14, 2019

11